**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISABELITA PILAC COLINA, | No. 14-71304 |
| Petitioner, | Agency No. A200-275-529 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Isabelita Pilac Colina, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's order denying her motion to reopen removal

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder,* 646 F.3d 672, 678 (9th Cir. 2011) . We deny the petition for review.

The agency did not abuse its discretion in denying Colina's motion to reopen as untimely, where it was filed more than one year after the immigration judge's in absentia removal order, *see* 8 C.F.R. § 1003.3(b)(4)(ii), and Colina failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances).

The agency also did not abuse its discretion in denying the motion where Colina failed to show sufficient evidence of change to invoke the changed country conditions exception to the filing deadline. *See* 8 C.F.R. § 1003.3(b)(4)(i); *Toufighi v. Mukasey,* 538 F.3d 988, 992, 996 (9th Cir. 2008) (setting forth requirements for prevailing on a motion to reopen based on changed country conditions).

We reject Colina's contention that the agency failed to properly consider the evidence she submitted in support of her changed country conditions claim. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) (reiterating that the BIA "does not have to write an exegesis on every contention" raised by petitioner, so

14-71304

long as it "consider[s] the issues raised, and announce[s] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (Citations and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**